IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-40430

NORMAN SEYMORE

Plaintiff - Appellee

v.

PENN MARITIME INC

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
3:05-CV-528

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Penn Maritime, Inc. appeals following a jury verdict in favor of its employee, Norman Seymore, who filed suit alleging claims of Jones Act negligence and unseaworthiness. Penn raises several challenges to the district court's rulings during trial. For the reasons that follow, we modify the district court's judgment and AFFIRM AS MODIFIED.

1.	Penn argues first that Seymore's claim for past maintenance and cure should have been dismissed because Seymore's attorneys

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

paid for Seymore's surgery and provided him with funds to cover his living expenses. It also argues that Seymore did not give Penn prior notice of his neck surgery. Penn argued this issue to the district court in a motion for judgment as a matter of law at the close of the plaintiff's case and again at the close of all evidence; therefore, our review is de novo. See Palastota v. Haggar Clothing Co., 499 F.3d 474, 480 (5th Cir. 2007). We conclude that the evidence was sufficient to show that Seymore's expenses were covered by loans from his attorneys, and because the loans did not extinguish the liability he incurred, the maintenance and cure claim was proper. See Gauthier v. Crosby Marine Serv., Inc., 752 F.2d 1085, 1089–90 (5th Cir. 1985) (holding that a set off for maintenance and cure for employee's medical insurance payment was not required where employee incurred expense for insurance). We also conclude that the evidence of notice that surgery was required was sufficient.

2.     Penn next argues that the medical opinion of Seymore's treating physician, Dr. Zoran Cupic, concerning Seymore's injuries and need for surgery should have been stricken as unreliable under FED. R. EVID. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993). "[A] district court has broad discretion in deciding the admissibility vel non of expert testimony, [and] we will not find error unless the ruling is manifestly erroneous." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004). We do not find that standard met here. We note that Penn did not contemporaneously object to Dr. Cupic's testimony and never sought a Daubert hearing. Instead, it moved to strike the testimony after Cupic had left the stand. Furthermore, Dr. Cupic's opinions, which Penn controverted with opinions from

its own expert, were based on his experience, training, and examination of Seymore, as well as Cupic's evaluation of objective tests performed on Seymore. The district court did not abuse its discretion by admitting the doctor's testimony. See Pipitone v. Biomatrix, Inc., 288 F.3d 239, 247 (5th Cir. 2002) (noting that "this circuit has upheld the admission of expert testimony where it was based on the expert's specialized knowledge, training, experience, and first-hand observation while supported by solid evidence in the scientific community").

3.    Penn also challenges under Daubert the testimony of Seymore's economist, Dr. Kenneth McCoin. Penn argues that Dr. McCoin's testimony was based on insufficient facts because McCoin lacked knowledge of Seymore's vocational potential and employment history. McCoin provided the methodology for the jury to determine the economic loss, which Penn does not challenge. He encouraged the jury to account for the actual facts in the case, and Penn had adequate opportunity to cross-examine him about his assumptions. Penn fails to show the testimony was not relevant or reliable.

4.    Penn next argues that the district court erroneously failed to admit under Rule 404(b) records from two of Seymore's prior employers. The district court permitted Penn to develop its theory largely through cross-examination, and Penn read from a portion of one of the records. We see no abuse of discretion in the district court's exclusion of the records, and, even assuming error, it was harmless in light of Penn's cross-examination. See Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) ("We review the admission of evidence for abuse of discretion and will reverse only

if the challenged ruling is erroneous and affects a substantial right of the party.").

5.      Penn next argues that the jury verdict form and special interrogatories were erroneous because the jury was not asked specifically whether an accident occurred.  The jury was asked to determine whether Penn was negligent and whether such negligence caused Seymore's injuries.  The existence vel non of an accident is subsumed within that question.  We conclude that the district court did not abuse its discretion in framing the interrogatories and that the interrogatories, read in conjunction with the charge as a whole, adequately presented the contested issues to the jury.  See Dreiling v. Gen. Elec. Co., 511 F.2d 768, 774 (5th Cir. 1975).

6.      Penn further challenges as arbitrary the district court's limitation of its time to cross-examine witnesses and present its case to 10 hours.  Penn did not object to the district court's time restrictions at trial, and our review is limited to plain error.  We are convinced from a review of the record that Penn had sufficient time to develop its defensive theories and present its case.  Penn fails to show that the district court abused its broad discretion to manage its docket and control the trial.  See Sims v. ANR Freight System, Inc., 77 F.3d 846, 849 (5th Cir. 1996).

7.      Penn also argues that plaintiff's counsel was allowed to make improper comments during closing argument that attacked defense counsel, appealed to regional prejudices, and accused defense counsel of suborning perjury.  A review of the record, including the district court's cautionary instruction to the jury, shows that the error, if any, was harmless.

8.    Finally, Penn argues that the district court erroneously awarded prejudgment interest on the jury's award, which did not apportion damages between the Jones Act claim and the unseaworthiness claim. Seymore does not oppose reformation of the judgment to omit interest on the damages but not maintenance and cure. We agree that there was error, and therefore the judgment must be modified to omit the prejudgment interest to that extent. See McPhillamy v. Brown & Root, Inc., 810 F.2d 529, 531–32 (5th Cir. 1987); see also Ferrero v. United States, 603 F.2d 510, 515 (5th Cir. 1979) (noting that circuit court may recompute a damages award "if a remand would be mere wasted motion")

The district court's judgment is AFFIRMED AS MODIFIED.